# UNITED STATES FEDERAL DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# AT DAYTON

| | |
|---|---|
| IRON WORKERS DISTRICT COUNCIL OF SOUTHERN OHIO & VICINITY BENEFIT TRUST., *et* <br><br> Plaintiffs, <br><br> v. <br><br> LUNDY REBAR INC., *et. al.* <br><br> Defendants. | CASE NO. 3:19-CV-00031 <br><br> JUDGE WALTER H. RICE <br><br> **ORDER** |

This action came before the Court on Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust ("Benefit Trust"), Iron Workers District Council of Southern Ohio & Vicinity Pension Trust ("Pension Trust"), and Iron Workers District Council of Southern Ohio & Vicinity Annuity Trust ("Annuity Trust") (collectively the "Trusts" or "Plaintiffs"), Motion for Default Judgment against Defendants Lundy Rebar Inc., Rhondaline Jean Crenshaw and Matthew Scott Lundy (collectively "Defendants"). This Court now grants Plaintiffs' Motion for Default Judgment against Defendants, jointly and severally, in its entirety.

This is a suit brought by an employee benefit plan against Defendants for violation of Section § 515 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1145 ("ERISA"). (See ECF #1, Complaint). In this case, Plaintiffs seek to recover delinquent employer contributions, pre-judgment interest, liquidated damages, attorneys' fees and costs, and equitable relief pursuant to the provisions of ERISA from Defendants. Plaintiffs also seeks an award of post-judgment interest pursuant to Title 28 U.S.C. § 1961.

On January 31, 2019, Plaintiffs filed the instant action against Defendants. ECF #1, Complaint. The summonses to Defendants were returned as executed and filed with this Court on February 18, 2019. (ECF #3, #4 & #5). Defendants' deadline to file an answer or other responsive pleading was February 25, 2019. As Defendants failed to answer or otherwise defend against Plaintiffs' Amended Complaint, Plaintiffs applied for an entry of default on February 27, 2019. (ECF #6, Application). The Clerk made an entry of default against Defendants on February 28, 2019. (ECF #7, Entry of Default). As of this date, no answer, motion, or responsive pleading has been filed.

Plaintiffs were established pursuant to the terms of Plaintiffs' Amended and Restated Agreement and Declarations of Trust ("Trust Agreements") that were entered into by various labor organizations affiliated with the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO and various employers, and employer organizations, having collective bargaining agreements with the participating local unions. (ECF #1, Exhibits #1-3). Plaintiffs are maintained pursuant to a Participation Agreement under which employer contributions are made as required by collective bargaining agreements between the participating local unions and signatory employers. (ECF #1, Exhibit #4). Plaintiffs are multi-employer plans within the meaning of Section 3(37)(A) of ERISA, Title 29 U.S.C. § 1002(37)(A). *Id.*

At all times relevant herein, Lundy Rebar Inc. has been bound to the terms of Participation Agreement. (ECF #1, Exhibit #4). The Participation Agreement binds Lundy Rebar Inc. to the Trust Agreements and obligates Lundy Rebar Inc.to make fringe benefit contributions to Plaintiffs. Pursuant to the Participation Agreement, Lundy Rebar Inc. is required to make employer fringe benefit contributions to Plaintiffs based on the number of hours worked by Lundy Rebar Inc. covered employees during the month at issue. Plaintiffs'

Board of Trustees has approved and effectuated a Collection and Control Policy for Employer Contributions and Reports ("Collection Policy"), which is applicable when an employer's fringe benefit contributions are delinquent; the Collection Policy provides for the assessment and imposition of both liquidated damages and interest on delinquent fringe benefit contributions. (Aff. Gotthardt at ¶ 6).

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided in the Federal Rules of Civil Procedure and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default. *See Fed. R. Civ. P.* 55(a). Once the default has been entered, the well-pleaded facts of the complaint relating to liability must be accepted as true. See *Stooksbury v. Ross*, Case No. 12–5739, 2013 WL 2665596, *3 (6th Cir. June 13, 2013) (treating the factual allegations of a complaint on liability as true because defendant produced no timely responsive pleading); *Iron Workers District Council of Southern Ohio & Vicinity Benefit Trust v. Wortman Bros. LLC*, Case No. 3:14-CV-00148, 2014 WL 3458563, *1 (S.D. Ohio, Jul. 11, 2014). However, those allegations relating to the amount of damages suffered are ordinarily not accepted as true unless the amount claimed is capable of ascertainment from definite figures contained in detailed affidavits. *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).

Plaintiffs are employee benefit plans within the meaning of ERISA, and multiemployer plans within the meaning of Section 515 of ERISA, 29 U.S.C. § 1145, which states, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement[.]"

3

Lundy Rebar is bound by the Participation Agreement, as well as collective bargaining agreements ("CBAs") it has entered into with various labor organizations affiliated with the International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO. Hence, Lundy Rebar is obligated to abide by the terms of the Trust Agreements, including the provisions that require Lundy Rebar to make fringe benefit contributions to Plaintiffs for each hour worked by a participating employee. Lundy Rebar has failed to contribute to Plaintiffs in accordance with its obligations under the Participation Agreement, the CBAs, and under the Trust Agreements.

Article III of the Benefit Trust Agreement and Article VIII of the Pension Trust and Annuity Trust Agreements require Lundy Rebar to make employer fringe benefit contributions to Plaintiffs pursuant to the terms of the Participation Agreement and CBAs. Lundy Rebar's failure to make such contributions is a violation of Section 515 of ERISA, 29 U.S.C. § 1145, for which Plaintiffs are entitled recover owed delinquent contributions, liquidated damages, equitable relief, as well as its reasonable costs and attorney's fees from Lundy Rebar. Specifically, Section 502(g) of ERISA, 29 U.S.C. § 1132(g) provides:

> (2) In any action under this sub chapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of -
> (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

**B.  Lundy Rebar Failed to Make Contributions to Plaintiffs as Required and Plaintiffs' Damages are Clear and Subject to Mathematical Calculation.**

As required by Federal Rule of Civil Procedure 55(a), Plaintiffs' damages for delinquent contributions, liquidated damages, and interest are subject to a clear mathematical calculation. To date, Lundy Rebar has failed and/or refused to remit delinquent hourly fringe benefit contributions, interest, and liquidated damages to Plaintiffs. Using reports that Lundy Rebar has submitted to Plaintiffs.

Article III, Section 2 of the Benefit Trust Agreement and Article VIII, Section 2 of the Pension and Annuity Trust Agreements provide a specific formula for the mathematical calculation of liquidated damages to be assessed to the employer in the event that the employer fails to pay contributions by the last day of the month following that in which the covered work was performed. Specifically, the Trust Agreements provide as follows:

(a) Liquidated Damages:
- (1) For the late filing of reports: 5% of the amount of the contribution covered by the report, per month or fraction thereof, and
- (2) For late payment of contributions: 1.5% per month or fraction thereof, except that for the first five months of concurrent late reporting and also late payment. this 1.5% shall be deemed to be included in the 5% in (1) above, and
- (3) The total amount of liquidated damages owed by an Employer shall be an amount equal to the greater of:
  - (i) interest (as defined in (b) below) on the unpaid contributions; or
  - (ii) the amount of liquidated damages as provided for in (a) above; but
  - (iii) in no case however, will the amount of liquidated damages exceed 20% of the amount of unpaid contributions owed by an Employer

(b) Interest: For late payment of contributions, interest at the rate of 1.0% per month on all delinquent contributions until paid Interest shall be calculated on a monthly basis and shall be payable monthly.

5

(ECF #5, Exhibits 1 – 3).

The amounts owed by Lundy Rebar are fair and reasonable. Lundy Rebar voluntarily signed the CBAs and Participation Agreement, binding it to the Trust Agreements and the provisions for liquidated damages and interest on delinquent contributions. Based on the reports provided by Lundy Rebar to Plaintiffs, Ms. Gotthardt calculates that Lundy Rebar is **$46,955.65** in arrears to Plaintiffs. (Aff. Gotthardt, ¶¶ 8-10).

Article III, Section 8 of the Benefit Trust Agreement and Article VIII, Section 5 of the Pension and Annuity Trust Agreements provide that "[s]hould legal action be necessary to effect collection of contributions owed to the Fund, the Employer shall pay all costs (including attorney fees) incurred by the Trustees." (ECF #1, Exhibits 1 – 3).

Lundy Rebar failed to pay the required delinquent fringe benefit contributions owed to Plaintiffs by the last day of the month following that in which the covered work was performed. Therefore, Lundy Rebar was, and is, in default with its obligation to make fringe benefit contributions. Additionally, Lundy Rebar has failed or refused to comply with Plaintiffs' demand to payment, which required Plaintiffs to file this case. Through February 28, 2019, Plaintiffs have expended **$3,053.75** in unrecovered reasonable attorneys' fees and costs to collect the delinquent amounts owed by Lundy Rebar. (Aff. Gotthardt, ¶ 12). The amounts owed by Lundy Rebar for Plaintiffs' attorneys' fees and costs are fair and reasonable. Defendant Lundy Rebar is directly responsible for the accumulation of all the attorneys' fees and costs paid or owed by Plaintiffs.

Rhondaline Jean Crenshaw and Matthew Scott Lundy ("Principals") are the principal officers of Lundy Rebar is, its principal shareholders, with controlling ownership interests in Lundy Rebar is and authority to contractually bind it, spend money on its behalf and authorized

6

to sign checks on behalf of Lundy Rebar. The Principals chose to pay other creditors, including themselves, rather than contributions owed to Plaintiffs by Lundy Rebar. Lundy Rebar failed to timely remit fringe benefit contributions leading to the assessment of liquidated damages and interest which Lundy Rebar refuses to pay. The Principals were responsible for the timely submission of the hourly contribution reports to Plaintiffs and for the delinquent submissions of the same. The Principals had the power and authority to pay Lundy Rebar's creditors, including Plaintiffs. The Principals are found to be fiduciaries under Article III, Section 10 of the Benefit Trust Agreement, Article VIII, Section 10 of the Pension Trust Agreement and Annuity Trust Agreement, and under Section 3(21)(A)(i) of ERISA, 29 U.S.C. § 1002(21)(A)(i) because he exercises (or because he has exercised) discretionary authority and control over Lundy Rebar and its financial assets, which should have been used to pay amounts owed to Plaintiffs. Lundy Rebar's financial assets have not been applied to satisfy fringe benefit contributions, liquidated damages, and other monetary amounts that are owed to Plaintiffs, which remain outstanding as alleged herein. The Principals breached their fiduciary duties to Plaintiffs by failing to make Lundy Rebar remit employer contributions, interest, and liquidated damages to Plaintiffs, and by diverting such amounts for other purposes. Pursuant to Section 409(a) of ERISA, 29 U.S.C. § 1109, the Principals are personally liable to make good to Plaintiffs and their participants for all losses resulting from such breaches.

Accordingly, based on the foregoing this Court GRANTS the following relief:

1. A declaratory order finding Defendants Lundy Rebar Inc., Rhondaline Jean Crenshaw and Matthew Scott Lundy in violation of the Plaintiffs' Amended and Restated Agreement and Declarations of Trust due to their failure to timely submit required fringe benefit contributions to the Funds.

2. A monetary judgment in Plaintiffs' favor and against Defendants Lundy Rebar Inc., Rhondaline Jean Crenshaw and Matthew Scott Lundy, jointly and severally, in the amount of **$46,955.65** with said amount representing all known unpaid fringe benefit contributions, interest, and liquidated damages found due and owing to Plaintiffs by Defendants.

3. A declaratory order from this Court requiring Defendants to comply with the Funds' auditor's request to examine and review the documents necessary to complete a payroll audit, in the event that such an audit is deemed necessary by Plaintiffs' Board of Trustees, at Defendants' cost.

4. A declaratory judgment requiring Defendants to immediately pay all delinquent fringe benefit contributions, interest, and liquidated damages owed for any unreported Employer Remittance Reports, along with any additional unpaid fringe benefit contributions, interest, and liquidated damages found to be owed during the course of a payroll audit.

5. A monetary judgment in Plaintiffs' favor and against Defendants, jointly and severally, pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D) in the amount of **$3,053.75** which represents Plaintiffs' reasonable attorneys' fees and costs incurred pursuing this Case involving Defendant's delinquent fringe benefit contributions to judgment.

6. That a permanent injunction against Defendants be issued pursuant to Section 502(g)(2)(E) of ERISA, prohibiting Defendants from committing future violations of Section 515 of ERISA, 29 U.S.C. § 1145 with respect to the Fund.

7. Post-judgment interest on all monetary relief granted herein pursuant to 28 U.S.C. § 1961.

8. Such other legal or equitable relief as this Court deems appropriate.

9. Plaintiffs would request that this Court retain jurisdiction over this Case pending Defendant's compliance with its orders.

**IT IS SO ORDERED.**

Date: 3-12-19

_____
JUDGE WALTER H. RICE